UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

___

Christian White,                                                                   Civ. No. 12-1330 (RHK/LIB)

        Plaintiff,

v.                                                                                                 **REPORT AND RECOMMENDATION**

Otter Tail County et al,
        Defendants.

___

    Plaintiff commenced this action by filing a complaint in which he claims that Defendants injured him by the use of "excessive force." (See Docket No. 1). Plaintiff did not pay the $350 filing fee for this action, as required by 28 U.S.C. § 1914(a), but he instead filed an application for leave to proceed in forma pauperis, ("IFP"). (See Docket No. 2).

    In its June 8, 2012 Order, the Court denied Plaintiff's IFP application because it was dated March 31, 2011, which was more than fourteen months before this action was commenced. The Court explained that the IFP application did not provide current information about Plaintiff's financial circumstances, and it did not show that he was indigent when this action was filed. (See Docket No. 4).

    Nevertheless, the Court gave Plaintiff the opportunity to submit a new IFP application, but directed him that, if he believed he could establish that he is presently indigent, and presently eligible for IFP status, he must file an entirely new amended IFP application (on the prescribed form), which provides a clear, complete, current explanation of his financial circumstances, and Plaintiff's current address, within 20 days of the Court's June 8, 2012 Order. Alternatively, the Court advised Plaintiff that he could pay the $350 filing fee for this action and proceed as a non-IFP litigant.

Importantly, the Court informed Plaintiff that if he does not pay the regular filing fee or file an amended IFP application within 20 days after the date of the order, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

The Court's deadline for Plaintiff to file a new IFP application or pay the regular filing fee has passed, and Plaintiff—represented by counsel—has taken no action since the Court's June 8, 2012 Order.  Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with its prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice.  Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

Based upon the above, and upon all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  That the Plaintiff's Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE, for failure to comply with this Court's Order of June 8, 2012, and for lack of prosecution.


Dated: July 13, 2012                                             s/Leo I. Brisbois
                                                                 LEO I. BRISBOIS
                                                                 United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by July 27, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for

each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.